UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>     vs.   )<br>  )   DOCKET NO. CR-08-186<br>MARY L. LANDRY,   )<br>  )<br>     Defendant   )<br>  ) | |

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

NOW COMES Defendant, by and through counsel, Farrell, Rosenblatt & Russell, and hereby submits her sentencing memorandum. The Defendant has raised certain objections to the pre-sentence report, and will address certain issues more fully here.

<u>Obstruction of Justice</u>

First, the initial pre-sentence report did not recommend any enhancement for obstruction of justice. By letter dated April 3, 2009 (three days after the deadline for filing objections), the government requested an enhancement for obstruction of justice based upon the Defendant's having objected to parts of the pre-sentence report, and particularly criticizing her for maintaining her innocence in light of the jury verdict. In response, the revised report recommended such an enhancement based generally upon the Defendant's denial of the conduct at issue throughout the course of this case.

The Defendant, in response to the objection raised by the government, would point out that she will already be serving a longer sentence for maintaining her innocence through a lack of credit for acceptance of responsibility. The Defendant has indicated that she intends to appeal her conviction, and in her objection to the initial report maintained a consistent position regarding her conduct. Because the initial pre-

1

sentence report contained no recommendation for an enhancement for obstruction of justice, it appears that the revised report adopted this recommendation in light of the government's objection.  The revised report therefore seeks to impose additional punishment on the Defendant due to her failure to admit the conduct upon which her conviction is based.  The mere fact, though, that the Defendant does not admit this conduct following trial does not warrant an enhancement for obstruction of justice.  The statements made by the Defendant by way of objection did not interfere with the pre-sentence investigation because the Defendant's pre-sentence investigation came following a full trial in which the government presented a good deal of evidence.  *See, e.g.*, *United States v. Bell*, 953 F.2d 6, 9-10 (1st Cir. 1992); *United states v. Williams*, 952 F.2d 1504, 1515-16 (7th Cir. 1991); *United States v. Polanco,* 37 F.Supp. 2d 262, 265 (S.D. N.Y. 1999) (specific intent required).  It is likely that the initial report had no recommendation for obstruction of justice because the Defendant's objections did not hinder or interfere with the pre-sentence investigation.  Again, it appears that the revised report makes this recommendation as punishment for the objections raised by the Defendant to the initial report.  It would be inappropriate to punish her for raising these objections.

Amount of loss

The Defendant made two payments on the Chase card: $400 on May 14, 2007 and $150 on May 29, 2007.  She should receive credit for these payments against the amount noted in paragraph 2 of the pre-sentence report.  *See* U.S.S.G. § 2B1.1, cmt. n. (2(E)(i)).  The Defendant also objects to the recommendation in the pre-sentence report

that a $500 loss be assessed to each of the two credit providers for which application was made but not approved (Discover and Fashion Bug).

"In a case involving any counterfeit access device or unauthorized access device, loss includes any unauthorized charges made with the counterfeit access device or unauthorized access device and shall not be less than $500 per access device." § 2B1.1, cmt. n. 3(F)(i).  Charges could never be made, however, because neither the Discover application nor the Fashion Bug application ever gave rise to an account – or any access device – because the applications were declined.  Furthermore, only Count 4 of the indictment charges fraud in connection with an access device – the Chase Visa card.  The counts pertaining to the Discover and Fashion Bug applications were the subject of counts for wire fraud, social security fraud, and aggravated identity theft.  Where the Defendant never possessed a Discover or Fashion Bug access device, it would be speculative to assign a loss to these nonexistent access devices, and the comment cited above does not apply.

Dated: June 11, 2009	s/ Jon A. Haddow
	Jon A. Haddow, Esq.
	Farrell, Rosenblatt & Russell
	P.O. Box 738
	Bangor, Maine  04402-0738
	Attorney for Defendant

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the above date, I electronically filed this pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

JAMES M. MOORE

                                 /s/ Jon A. Haddow, Esq.
                                Jon A. Haddow, Esq., Bar No. 7071
                                Farrell, Rosenblatt & Russell
                                PO Box 738
                                Bangor, ME 04402-0738
                                (207) 990-3314
                                jah@frrlegal.com